1
2
3
4
5
6
7

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN 2 9 2013

CENTRAL DISTRICT OF CALIFORNIA
BY 𝑠𝐿𝑢                    DEPUTY

8      UNITED STATES DISTRICT COURT
9      CENTRAL DISTRICT OF CALIFORNIA
10      WESTERN DIVISION
11

12  TROY REGGIE HAYNES,                )    Case No. CV 13-00220 VBF (AN)
13           Petitioner,               )    MEMORANDUM AND ORDER
                                       )    DISMISSING HABEAS PETITION
14      v.                             )
15  P. E. BRAZELTON, Warden,           )
16           Respondent.               )
17  ───────────────────────           )

18                    **I. INTRODUCTION**

19      On January 11, 2013, petitioner Troy Reggie Haynes ("Petitioner"), a state prisoner
20  proceeding *pro se,* filed his pending petition for a writ of habeas corpus by a person in
21  state custody ("Petition") pursuant to 28 U.S.C. § 2254 ("§ 2254"). For the reasons
22  discussed below, the Petition is dismissed without prejudice because Petitioner has a state
23  habeas petition currently pending before the California Supreme Court.

24                    **II. DISCUSSION**

25  **A.    Standard of Review**
26       **1.    Habeas Rules**
27      "A discrete set of Rules governs federal habeas proceedings launched by state
28  prisoners." *See* Rules Governing Section 2254 Cases in the United States District Courts,

1 [28 foll. U.S.C. § 2254 ("Habeas Rules")]; *Mayle v. Felix*, 545 U.S. 644, 654, 125 S. Ct.
2 2566, 2569 (2005). Rule 4 of the Habeas Rules requires a district court to dismiss a
3 petition without ordering a responsive pleading where the face of the petition shows the
4 petitioner is not entitled to relief in district court. *Felix*, 545 U.S. at 656. Local Rule 72-3.2
5 of this Court also authorizes a magistrate judge to prepare a proposed order for summary
6 dismissal and a proposed judgment for the district judge if it plainly appears from the face
7 of petition that petitioner is not entitled to relief.

8      **2.   § 2254**

9      Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 110 Stat.
10 1214 (1996), this Court may only entertain a state prisoner's application for federal habeas
11 relief on the ground that the prisoner's custody violates the Constitution or laws or treaties
12 of the United States. § 2254(a). Federal habeas relief "shall not be granted with respect to
13 any claim that was adjudicated on the merits in State court proceedings unless the
14 adjudication of the claim -- (1) resulted in a decision that was contrary to, or involved an
15 unreasonable application of, clearly established Federal law, as determined by the Supreme
16 Court of the United States; or (2) resulted in a decision that was based on an unreasonable
17 determination of the facts in light of the evidence presented in the State court proceeding."
18 § 2254(d)(1)-(2). The key to triggering § 2254's deferential standard is a previous
19 "adjudicat[ion] on the merits in State court proceedings."

20      **3.   The Federal Exhaustion Doctrine**

21      Before seeking federal habeas relief, a state prisoner must exhaust available state
22 remedies, thereby giving the state courts the "opportunity to pass upon and correct alleged
23 violations" of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365, 115 S. Ct.
24 887 (1995) (per curiam) (*quoting Picard v. Connor,* 404 U.S. 270, 275, 92 S. Ct. 509
25 (1971) (citation omitted)). In the routine case, this means the prisoner must fairly present
26 a claim alleging a violation of federal rights to the state courts by "describ[ing] in the state
27 proceedings both the operative facts and the federal legal theory on which his claim is
28 based . . . ." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).

1    However, because the federal exhaustion doctrine "stem[s] from the basic principle
2  of federalism that federal courts should accord due respect to the role of state courts in
3  enforcing the prohibition against unconstitutional confinement embodied in the writ of
4  habeas corpus," and because state courts more generally "should have the first opportunity
5  to examine the lawfulness of a state prisoner's confinement" (*Batchelor v. Cupp*, 693 F.2d
6  859, 862 (9th Cir. 1982)), the exhaustion doctrine also extends to situations where the
7  prisoner has any post-conviction challenge to his conviction still pending in the state
8  courts, "even where the issue to be challenged in the writ of habeas corpus has been finally
9  settled in the state courts." *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *see*
10  *also Schnepp v. Oregon,* 333 F.2d 288, 288 (9th Cir. 1964) (state remedies not exhausted
11  where a state post-conviction proceeding is pending). This is because "[i]f the prisoner's
12  claim is meritorious, and if the state remedy is prompt and complete, there is no need to
13  bring post-conviction proceedings in federal courts." *Sherwood*, 716 F.2d at 633 (internal
14  quotation marks and citation omitted). Put another way, "even if the federal constitutional
15  question raised by the habeas corpus petitioner cannot be resolved" in the pending state
16  action, that action still "may result in the reversal of the petitioner's conviction on some
17  other ground, thereby mooting the federal question." *Id.* at 634.

18  **B.    Analysis**

19    The face of the Petition establishes it is directed at Petitioner's current state custody
20  arising from an October 12, 2010 conviction in the California Superior Court for Los
21  Angeles County of four counts of second degree robbery (case no. YA074092). (Pet. at 2.)
22  On December 28, 2011, the California Court of Appeal affirmed the judgment of
23  conviction (case no. B228833). The California Supreme Court then denied review of the
24  court of appeal's decision on March 21, 2012 (case no. S199817). (Pet. at 2-3; state court
25  records.[1]) Additionally, and pertinent to the current Order, the face of the Petition

26

27    [1]  The Court takes judicial notice of Petitioner's records in the state appellate
28  courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov ("state
(continued...)

1   establishes that, on December 10, 2012, Petitioner filed a habeas petition challenging the
2   same October 2010 conviction and his current custody in the California Supreme Court
3   (case no. S207236) that is still pending. (Pet. at 4-5, Ex. C; state court records.)

4          Accordingly, the Court finds the Petition must be dismissed as an unexhausted
5   petition because Petitioner still has a post-conviction matter pending before the state
6   courts. *Sherwood*, 716 F.2d at 633-4; *Schnepp*, 333 F.2d at 288; *see Coleman v. Thompson*,
7   501 U.S. 722, 731, 111 S. Ct. 2546 (1991) ("a state prisoner's federal habeas petition
8   should be dismissed if the prisoner has not exhausted available state remedies . . . .").

9          Further, because *Sherwood* and *Schnepp* govern the entire Petition and render all of
10  the claims unexhausted, Petitioner's request for a stay is denied. While district courts have
11  the discretion in limited circumstances to hold a mixed or fully exhausted petition in
12  abeyance pending the exhaustion of unexhausted claims, *Rhines v. Weber*, 544 U.S. 269,
13  273-79, 125 S. Ct. 1528 (2005), *Kelly v. Small*, 315 F.3d 1063, 1066-71 (9th Cir. 2003),
14  *King v. Ryan*, 564 F.3d 1133, 1138-41 (9th Cir. 2009), "[o]nce a district court determines
15  that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the
16  habeas petition for failure to exhaust." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.
17  2006); *see also Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (once the respondent
18  moves for dismissal, the district court is "obliged to dismiss immediately" when the
19  petition contains no exhausted claims) (citation omitted). Petitioner, having presented a
20  fully unexhausted Petition, is not entitled to a stay of this action.

21  ///
22  ///
23  ///
24  ///
25
26

27          [1](...continued)
    court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas
    courts may take judicial notice of relevant state court records), *overruled on other*
28  *grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

1                         **III. CONCLUSION**

2          For the reasons discussed above, the reference to the Magistrate Judge is vacated

3    and the Petition is dismissed without prejudice.

4

5

6    DATED: January 28, 2013

7                                        _____
                                         VALERIE BAKER FAIRBANK
                                         UNITED STATES DISTRICT JUDGE

8

9    Presented by:

10

11   _____
        Arthur Nakazato
12   United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28